# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| United States of America, | Criminal No. 09-225 (3)(RHK/FLN) |
| | Civil No. 11-1220 (RHK) |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| v. | **AND ORDER** |
| Melvin Stubblefield, | |
| Defendant. | |

_____

This matter is before the Court on Defendant's Motion to Vacate, Set Aside or Correct Sentence, brought under 28 U.S.C. § 2255. (Doc. No. 176). For the reasons discussed below, Defendant's Motion will be denied.

## I. BACKGROUND

On August 11, 2009, the Defendant Melvin Stubblefield ("Defendant" or "Stubblefield") was named in a six-count Indictment charging him and his co-defendants with conspiracy to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. (Doc. No. 1, Indictment).

On October 14, 2009, Defendant entered into a plea agreement by which he pleaded guilty to a one-count Information charging him with conspiracy to distribute cocaine base ("crack"), a controlled substance, in violation of federal law. During the plea and within the plea agreement, the Defendant acknowledged that he conspired with William Andre Dotson to distribute approximately 26 grams of cocaine base by collecting

the drug debt for the 26 grams of cocaine base. (Id. at ¶ 1). Additionally, the Defendant understood that he faced a mandatory minimum of sixty months imprisonment, a statutory maximum of forty years imprisonment, and a minimum supervised release term of at least four years. (Id. at ¶ 4). The parties agreed that Stubblefield's base offense level was 26. The Government agreed to recommend a three-level reduction for acceptance of responsibility. (Id. at ¶ 8). The parties agreed that a two-level reduction was applicable for Defendant's minor role. (Id. at ¶ 10). The parties also agreed that the Defendant's criminal history category was at <u>least</u> level II, but that the Court would have the final determination based on the information presented in the presentence report, and that neither party may withdraw from the plea. (Id. at ¶ 6, ¶ 11). The parties contemplated the following Guideline Ranges:

> A. level 21 (26-3-2=21)/Category II – 41-51 months imprisonment; or
>
> B. level 21 (26-3-2=21)/Category III – 46-57 months imprisonment; or
>
> C. level 21 (26-3-2=21)/Category IV – 57-71 months imprisonment.

(Id. at ¶ 12).

In exchange for the concessions made by the Government, the Defendant agreed to waive his right to appeal his sentence unless the sentence exceeded 71 months. (Id. at ¶ 16).

The Presentence Investigation Report ("PSR") determined Defendant to be a career offender based on his three prior felony convictions for controlled substance offenses. (PSR at ¶ 31). The PSR determined that Defendant's base offense level was 34. After applying a three-level reduction for acceptance of responsibility, his adjusted offense level was 31. (Id. at ¶ 31). Pursuant to Section 4B1.1, as a career offender, the Defendant's criminal history category was VI, and a guideline imprisonment range of 188 to 235 months, which was higher than that contemplated by the plea agreement. (Id. at ¶¶ 58, 81, 83).

The Defendant filed no objections to the PSR; he filed a position pleading with respect to sentencing, requesting the Court to vary downward from the guideline range of 188-235 months, and sentence him consistent with the guideline ranges contemplated in the plea agreement. (Doc. No. 141).

The Government filed its position regarding sentencing factors and agreed with the PSR that the Defendant was a career offender, with a guideline range of 188-235 months. (Doc. No. 157). The Government reiterated the statutory mandatory minimum sixty month sentence and requested the Court to "impose a fair and reasonable sentence" in consideration of § 3553(a) factors. (Id. at 1-2).

Defendant's sentencing hearing was held on May 7, 2010. Defendant did not object to the PSR. The Court adopted the PSR without change. Defendant ultimately was sentenced to a total term of sixty (60) months imprisonment, which was a downward

departure from the advisory sentencing guideline range. The Court concluded that the sentence was appropriate in light of the factors pursuant to 18 U.S.C. § 3553(a)(2)(D) and § 3553(a)(6). (Doc. No. 166, Judgment in a Criminal Case at 2; Statement of Reasons at 1-3). The Defendant did not challenge his conviction or sentence by direct appeal.

Defendant is now seeking post-conviction relief under § 2255, claiming that he was deprived of his constitutional right to effective assistance of counsel. He contends that he received ineffective assistance of counsel because his attorney (1) failed to do an adequate investigation; (2) failed to properly explain the law regarding conspiracy; (3) failed to argue at sentencing the "crack" disparity; and (4) that he is innocent of the charges.

## II. DISCUSSION

A. Standard of Review

Title 28, United States Code, Section 2255 requires a prisoner to show that he has the right to be released because:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. A motion pursuant to section 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152 (1982). Relief under section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not

4

have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Claims of ineffective assistance of counsel are governed by the two-part test prescribed by Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Keys v. United States, 545 F.3d 644, 646 (8th Cir. 2008). Under Strickland, a defendant claiming ineffective assistance of counsel must show that (a) his attorney's performance was deficient and (b) the attorney's deficient performance prejudiced his defense, and there is a "strong presumption" of competence. Strickland, 466 U.S. at 689. Courts considering claims of ineffective assistance of counsel must presume that attorneys provide effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997); see also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

To meet the second part of the Strickland test, i.e., a showing of prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Because a movant's failure to establish prejudice is dispositive of a § 2255 motion, the Court need not address the reasonableness of the attorney's representation if it is evident that the movant cannot prove prejudice. Apfel, 97 F.3d at 1076.

B. <u>Defendant's Ineffective Assistance Claims</u>

(i) Claims 1, 2, and 4

Defendant claims that he was denied effective assistance of counsel because his attorney (1) did not conduct an adequate investigation by not seeking a probable cause hearing on the Complaint; (2) did not explain the law of conspiracy; and (3) he also argues that he is innocent of the charges. Defendant cannot show that he was prejudiced by this allegedly deficient assistance, and, accordingly, his ineffective assistance claims fail.

A grand jury found probable cause to believe that Defendant had committed the crimes with which he was charged. During his change of plea, Defendant admitted, under oath, that he was part of a drug conspiracy. Defendant admitted that he took money for a drug debt, knowing that it was a drug debt, and provided the money to the individual responsible for the drugs. Defendant admitted each and every essential element of the crime charged.

The Court finds that Defendant is unable to establish that any of his claims, including conducting a probable cause hearing, would have changed the result. Additionally, "the general rule is that a valid guilty plea waives all non-jurisdictional defects. . . . [A] valid guilty plea forecloses an attack on a conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"

Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997), (citing United States v. Vaughan, 13 F.3d 1186, 1188 (8th Cir. 1994)).

Defendant further argues that his attorney forgot to properly explain the law of the conspiracy (claim 2,) and that Stubblefield is innocent of the charges (claim 4). In the context of a guilty plea, this means that but for counsel's errors, the Defendant "would not have pleaded guilty and would have insisted on going to trial." Iron Wing v. United States, 34 F.3d 662, 664 (8th Cir. 1994) (quoting Hill v. Lockhart, 474 U.S. 52, 57-59 (1985)). The record contradicts Defendant's assertions.

Shortly after Defendant's arrest, counsel submitted numerous pretrial motions to obtain and suppress potential evidence, including a motion to compel production of Guideline Sentencing Information. (Doc. Nos. 33-52). Realizing the extent of the conspiracy and the Government's evidence weighing against his client, defense counsel effectively negotiated a plea agreement that avoided trial and the risk of a substantially higher sentence. (Doc. No. 124). Stubblefield acknowledged his desire to plead guilty when he and his attorney signed a waiver of prosecution by Indictment and proceeded by Information. (Doc. Nos. 118, 119). It was to his client's benefit to enter into the plea agreement with the Government. Even after Defendant was designated a career offender by the U.S. Probation Office (PSR at ¶ 31), counsel successfully persuaded the Court to apply the minimum allowable sentence of sixty months, far below the guideline range of 188-235 months. (Doc. No. 141).

The Defendant entered a knowing and counseled plea agreement, whereby he admitted, under oath, that he in fact conspired with a co-defendant to distribute crack by collecting the drug debt for the crack. "Actual innocence" is a strict standard and requires that defendant demonstrate "factual innocence, not simply legal insufficiency of evidence to support a conviction." McNeal v. United States, 249 F.3d 747, 750 (8th Cir. 2001). Stubblefield is unable to do so here, nor does he assert any newly discovered facts or any recent change in the law concerning these issues. Therefore, his argument has been waived.

On this record, the Court rejects Stubblefield's ineffective assistance of counsel claims because his attorney did not act unreasonably. His attorney more than adequately represented the Defendant, effectively argued his case and obtained a favorable sentence for his client in light of his criminal past. Stubblefield is unable to show but for counsel's errors he would have proceeded to trial. The Defendant has made no showing that his counsel was deficient in any respect, and has shown no prejudice to warrant relief in Grounds One, Two and Four of his Motion.

### III. THE FAIR SENTENCING ACT IS NOT RETROACTIVELY APPLICABLE TO THE DEFENDANT AND HIS REQUEST FOR RELIEF IS DENIED

(i) Claim 3

In Ground Three, the Defendant claims that counsel failed to request the application of the "18 to 1 crack law." The Defendant presumably seeks the application

of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010). The FSA does not apply retroactively, thus a defendant is "subject to the penalties in place when he committed his crimes." United States v. Neadeau, 639 F.3d 453, 456 (8th Cir. 2011); see also United States v. Smith, 632 F.3d 1043, 1047-48 (8th Cir. 2011) ("[T]he general savings statute, 1 U.S.C. § 109, requires [courts] to apply the penalties in place at the time the crime was committed.") (internal quotations omitted).

The FSA was enacted on August 3, 2010, subsequent to Defendant's offense and sentence. Thus, the FSA was not available to Defendant at the time of sentencing on May 10, 2010. As a result, his counsel did not err in failing to address the application of the FSA.[1]

### IV. AMENDMENT 750 DID NOT LOWER DEFENDANT'S APPLICABLE GUIDELINE RANGE

Defendant's request for a reduction in sentence must be denied because the guideline amendment does not have the effect of lowering Defendant's guideline range and, in any event, Defendant received the mandatory minimum sentence of 60 months.

---

[1] The Department of Justice maintains the Fair Sentencing Act applies to defendants who were sentenced after August 3, 2010, even if their crimes were committed before that date. See Hill v. United States, No. 11-5721, 2011 WL 3472365, (U.S. Nov. 29, 2011 (granting petition for cert.)). The Government's position has been rejected by the Eighth Circuit. United States v. Sidney, 648 F.3d 904, 908 (8th Cir. 2011); see also id., No. 11-1216 (8th Cir. Oct. 6, 2011) (denying en banc review after government informed court of its new position). This does not matter here as Stubblefield was also sentenced before August 3, 2010.

### A. Stubblefield's sentence guideline range as a Career Offender is not lowered by Amendment 750

A sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is authorized only when a defendant has been sentenced to a term of imprisonment "based on a guideline range that has subsequently been lowered by the Sentencing Commission . . . ." The Sentencing Commission similarly prohibits a sentence reduction based on an amended guideline range unless it has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added).

The current amendment generally does not benefit career offenders because their applicable guideline range has not been reduced by operation of the retroactive amendment. See United States v. Blackmon, 584 F.3d 1115, 1116 (8th Cir. 2009) (per curiam) (interpreting prior amendment), cert. denied, 130 S. Ct. 2417 (2010); United States v. Thomas, 524 F.3d 889, 890 (8th Cir. 2008) (per curiam) (same); United States v. Clay, 524 F.3d 877, 878 (8th Cir. 2008) (same); United States v. Tingle, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam) (same). The "applicable guideline range" is the range found pursuant to Guideline Section 1B1.1(a) before any departure or variance. U.S.S.G. § 1B1.10 cmt. n.1(A).

In United States v. Tolliver, 570 F.3d 1062, 1065-66 (8th Cir. 2009), the Eighth Circuit held that the defendant was properly deemed to be a career offender by the district court, was not eligible for a Section 3582(c)(2) sentence reduction based upon the retroactive crack guideline amendment. Id. The Sentencing Commission has explicitly

adopted the Eighth Circuit's position in <u>Tolliver</u> with respect to application of the latest retroactive crack guideline amendment. <u>See</u> Application Note 1, Guideline Section 1B1.10, U.S.S.G. amend. 759.

For the same reasons in this latest round of guideline changes, career offenders are not affected by amendment 750. <u>United States v. Colbert</u>, Cr. No. 04-366(1), 2012 WL 694473, at *2 (D. Minn. Mar. 1, 2012) (noting that Amendment 750 modified the Drug Quantity Table found in U.S.S.G. § 2D1.1 and "did not lower the sentencing range for career offenders under U.S.S.G. § 4B1.1"); <u>United States v. Jenkins</u>, No. 4:08CR3018, 2012 WL 1150496, at *2 (D. Neb. Apr. 4, 2012); <u>United States v. Jones</u>, No. 4:05-cr-039, 2012 WL 1067396, at *3 (D.N.D. Mar. 28, 2012) ("All circuit courts of appeals have addressed the career offender scenario with regard to a retroactive amendment to the crack Sentencing Guideline, and all are unanimous that relief is unavailable.") (citing cases).

In this case, the Defendant's original sentencing guideline range has not changed because it did not rest upon the provision regarding crack cocaine in Section 2D1.1 which has been amended. The Defendant was properly deemed to be a career offender, based on his prior convictions for controlled substance offenses, and accordingly his base offense level was increased to 34 pursuant to U.S.S.G. § 4B1.1. The career offender enhancement is unaffected by the recent guideline amendment, and the Defendant's adjusted offense level and applicable guideline range remain exactly what they were at

the time of the original sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Accordingly, the Defendant is not entitled to any relief under Section 1B1.10.

B. Stubblefield received the mandatory minimum sentence

At sentencing, based on the amount of crack involved in the offense, the Defendant was sentenced to a mandatory minimum term of five years. (21 U.S.C. § 841(b); Statement of Reasons at ¶ II.B). This statutorily required sentence is not affected by Amendment 750, and accordingly the Defendant's Motion must be denied.

V. NO HEARING IS NECESSARY

"A defendant is entitled to a hearing on a § 2255 motion 'unless the motion, files, and record conclusively show' that the defendant is not entitled to relief." United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005) (quoting Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001)). Here, the record conclusively demonstrates that Stubblefield is not entitled to relief.

VI. NO CERTIFICATE OF APPEALABILITY WILL BE GRANTED

Finally, the Court anticipates that Stubblefield will seek Eighth Circuit review of this Order. A federal prisoner may not appeal a final order in a proceeding under 28 U.S.C. § 2255 without first securing a Certificate of Appealability. 28 U.S.C.

§ 2253(c)(1)(B). A district court cannot grant a Certificate of Appealability unless the prisoner "has made a *stubstantial showing* of the denial of a constitutional right." Id. § 2253(c)(2) (emphasis added); accord Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006). A Certificate of Appealability will not be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as a sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Rather, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997); accord Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

The Court concludes that a Certificate of Appealability would not be appropriate here. Stubblefield's claims have been fully addressed here and lack merit. The Court does not believe that his claims are "debatable among reasonable jurists." Cox, 133 F.3d at 568. He has not shown sufficient reason to believe that any other court–including the Eighth Circuit–would decide this case any differently than it was decided here. He has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case warranting appellate review. Thus, the Court concludes that Stubblefield is not entitled to a Certificate of Appealability in this matter.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1. Stubblefield's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 176) is **DENIED**;

2. Stubblefield is not entitled to a Certificate of Appealability should he attempt to appeal this Order to the Eighth Circuit; and

3. Stubblefield's request for appointment of counsel (Doc. No. 177) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: May 8, 2012                                s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge